492    APPELLATE COURTS OF ILLINOIS.

Gurley v. The Massac County Mutual Relief Ass'n, 186 Ill. App. 492.

## Belle Gurley, Appellee, v. The Massac County Mutual Relief Association, Appellant.

1. INSURANCE, § 752*—*when statements in application not warranties.* Where statements made in an application for membership in a benefit society were not incorporated in and made a part of the certificate, the statements are mere representations and not warranties.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

2. INSURANCE, § 897*—*when waiver of by-law as to age of applicant question of fact.* Whether or not there was a waiver of a by-law of the society limiting the age of applicants to fifty years, *held* a question of fact, it appearing that the society had in its power by its general conduct to waive such by-law as the statute gave it the right to receive members under sixty years of age.

3. INSURANCE, § 897*—*when falsity or materiality of representation in application questions of fact.* In an action on a benefit certificate where statements made in the application were representations and not warranties, a defense was interposed that the member falsely stated in his application for membership that he was only forty-nine years of age when in fact he was over fifty-years of age and therefore ineligible to become a member under a by-law of the society limiting the age of applicants to fifty years. *Held* that the questions, whether the statement as to age was false or whether, if false, it was material, were questions of fact for the jury and that the verdict of the jury was conclusive.

4. INSURANCE, § 908*—*sufficiency of instruction on burden of proof.* In an action on a benefit certificate where the defense was that the member falsely stated his age at less than fifty and a by-law of the society made persons over fifty years of age ineligible to become members, *held* that an instruction given for plaintiff stating that there was a presumption of law that the applicant was not over fifty years of age did nothing more than announce the principle that the burden was on defendant to show that the applicant was over fifty years of age, though the use of the word "presumption" was inaccurate.

Appeal from the Circuit Court, of Massac county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

H. A. EVANS, for appellant.

FRED SMITH, for appellee; C. L. V. MULKEY, of counsel.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

It is sought by this appeal to reverse a judgment rendered against appellant by the Circuit Court of Massac county.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

494     APPELLATE COURTS OF ILLINOIS.

Gurley v. The Massac County Mutual Relief Ass'n, 186 Ill. App. 492.

It appears from the record in this case that on March 4, 1904, Elisha Baugh and six other persons made application to the Secretary of State for a certificate of incorporation for the Massac County Mutual Relief Association to be conducted for the mutual relief if its members and without profit, and said Relief Association was duly incorporated and certificate issued by the Secretary of State on March 7, 1904, and the seven incorporators were selected as directors and authorized to transact business. A great number of people at that time became members of this Association and among them were some twelve or fifteen persons, not incorporators, who were over fifty years of age. On June 14, 1909, Willis Gurley made application for membership in this Association and in his application stated that he was in good health and forty-nine years of age. The application when received was referred to a committee for investigation who reported favorably upon the application and Willis Gurley was admitted to membership in the Association, and the following certificate was issued to him: "That Willis Gurley is a member of this Association at Brookport, Massac County, Illinois, and that upon satisfactory proof of his death the Association will pay to Belle Gurley, his wife, five hundred dollars, provided that said member has fully complied with the by-laws and regulations of the Association; and provided further, that should one full assessment amount to less than five hundred dollars then there should be paid only a pro rata of said sum realized from an assessment of one dollar per member." There were no statements of warranty contained in the application, and it was not in any manner made a part of the certificate. It is testified by witnesses for appellant that the by-laws were passed by this society on March 4, 1904, providing, among other things: "The object of this Association is to unite fraternally all reputable white persons who are over eighteen years and not over fifty years of age, etc." The ap-

pellant claims that Willis Gurley made a false statement in his application when he stated therein that he was only forty-nine years of age, and that he was in fact of the age of fifty years and about seven months and that for this reason the appellant was not liable upon the certificate. The appellee contends that the statement made was not a warranty, not false and even if it were false is not material. Proof of death was made but appellant refused to pay the benefit.

The declaration consists of a special count declaring upon the certificate above set forth and attaching a copy of such certificate to the declaration. To this the defendant files a plea of general issue with notice that Willis Gurley had stated in his application that he was forty-nine years old, was born November 1, 1859, that such statement was a warranty, was false and untrue and that he was born on the 1st day of November, 1858, and was over the age of fifty years, and ineligible to become a member and never did become a member; that said certificate was void and all payments thereunder forfeited. Upon the issues thus formed a trial was had which resulted in a verdict for appellee in the amount of five hundred dollars.

The first contention of counsel for appellant is that the finding of the jury was against the weight of the evidence. It is very clear from this record that the statements made by Willis Gurley in his application were not incorporated in and made a part of this certificate, and that neither by the application or the certificate do they purport to be a warranty of the declarations therein contained. The most that can be said of the statement complained of is that it was false. It is necessary that the certificate should contain an express stipulation that the application is a part of the policy before it can be treated as such. It follows that, ''The application not being a part of the contract, any statements contained therein are mere representations, and not warranties. (May on Insurance, sec. 158.) As such, they may avoid the policy

496    Appellate Courts of Illinois.

Gurley v. The Massac County Mutual Relief Ass'n, 186 Ill. App. 492.

if found to be false and material, within the legal meaning of these terms." *Spence v. Central Accident Ins. Co.*, 236 Ill. 449. A representation as to the age being false and material is a question of fact, and our Supreme Court has said: "The court erred in holding that the statement in the application that the assured is sixty-two years of age was a warranty. Such statement is merely a representation, the falsity and materiality of which are questions of fact, and should have been disposed of by the trial court as such." *Spence v. Central Accident Ins. Co., supra.* The only evidence offered by appellant as to the age of Willis Gurley is his written statement at the time of making the application to become a member of this society, in which he stated he was then forty-nine years of age. Also the statement made upon his mariage license to which if effect is given would make him fifty years of age at the time of the application; and the statement of the widow after his death, that he was born in November, 1858. The appellant offered the statement of Willis Gurley that he was forty-nine years of age and did not make any limit as to the purpose of making the offer of this evidence, and being offered by the appellant we do not believe that it is a self-serving declaration as claimed by counsel. While the statements made by the widow and the declaration of Gurley at the time he received his marriage license tend to prove that his statement as to being forty-nine years of age when he made the application for membership into this society was untrue, yet there was no evidence or circumstance, that we are able to see from this record, that makes this statement material. We think these were questions of fact to be settled by the jury and are not disposed to disturb its finding in that regard.

The next contention of appellant is that the appellant is not estopped by any of its acts and conduct from denying liability and that there was no waiver. While these two questions are treated separately in the

brief we are inclined to treat them together and do not believe that the doctrine of estoppel has any application to the facts in this case. As to the question as to whether or not there was ,a waiver, we think this too was a question of fact, as this society had it in its power by its general conduct to waive the by-law limiting the age to fifty years, as the statute gave the society the right to receive members under sixty years. It appears from the evidence in this case that some twelve or fifteen of the members of this society, who were over fifty years of age, had been received as members after the adoption of the by-law prescribing the age of fifty. The record shows that the certificate of incorporation was issued on March 7, 1904, to Elisha Baugh and six other persons, and the evidence introduced by appellant shows that the by-laws were adopted on March 4, 1904, which appears to have been before many of these persons over fifty years of age were in fact admitted into the society, and before the certificate had been issued and the society authorized to receive members. It also appears that at least one other person over the age of fifty was received as a member into the society after that and continued a member until after the commencement of this suit when he was dropped because of being over age. There was also some evidence tending to show representations by the solicitor, as he claimed he was, of the society for membership, that the exact age was not very material. If it be true that the general conduct of this society was such as to induce reasonably prudent persons to believe that this rule of the society was not rigidly enforced, then the jury would be warranted in finding that there was a waiver even if the statement of the age of the applicant was false and material. *Home Life Ins. Co. v. Pierce*, 75 Ill. 426. The question of the truth or falsity of the facts which would constitute a waiver as well as the materiality were questions of fact for the jury.

Complaint is made to the giving of appellee's first instruction, in that it states that there was a presumption of law that the applicant was not over fifty years of age. The gist of this instruction is that it cast the burden upon the defendant to show that he was over fifty. By this instruction the certificate created a liability upon the defendant unless overcome by a preponderance of the evidence, and while the use of the word "presumption" is not very accurate, yet we think the instruction does nothing more than announce this principle.

The criticism upon the second instruction is not well taken, as the certificate created a liability which appellant was bound to overcome by a preponderance of the evidence, and if it failed in this it was the duty of the jury to find for the plaintiff.

The objection to the third instruction, that the waiver of the age limit was wholly a question of law, is not well taken. It was the province of the court to say what acts would constitute a waiver, but whether or not such acts transpired was for the jury. We do not understand this instruction attempts to define what is or is not a waiver but simply that if a waiver has accrued plaintiff would not be barred.

As to the criticism upon instruction five, so far as we can see there is nothing in the charter, constitution or by-laws giving charter members any preference, and this is all that this instruction advises the jury; besides it appears that the instruction is warranted by the decision in the case of *Park v. Modern Woodmen of America*, 181 Ill. 231.

The objections to the modification of several of appellant's instructions have been disposed of in this opinion and we can see no reversible error in such modification.

The principal involved in appellant's refused instruction fourteen has also been fully commented upon, and we are unable to say that the court committed error in refusing it.

The certificate issued in this case created a liability. The plea filed set forth a warranty of the statement contained in the application, but no such warranty was proved and we are inclined to think that the jury were warranted, from a consideration of this whole record, in finding that this society was not rigid in its attempt to enforce an age limit or that the age of the deceased was material.    There is nothing herein that warrants us in finding that this verdict is unjust or that any such error has been committed as calls upon us to reverse this case, and the judgment of the lower court is affirmed.

*Judgment affirmed.*